People agt. Bond Street Savings Bank.

## SUPREME COURT.

THE PEOPLE OF THE STATE OF NEW YORK agt. THE BOND STREET SAVINGS BANK.

*Sale of property by order of the court—Refusal of deed—Resale asked for, because premises were sold at less than their value.*

A court for mere inadequacy of price, unconnected with any other reason or cause, will not order a resale unless the price obtained be so grossly inadequate as of itself to furnish evidence of fraud.

Where property has been sold at a judicial sale, the court will not, when the sale has been well advertised and a large attendance of buyers secured, and there has been no surprise, misunderstanding or fraud, and no binding offer from any responsible party to pay a larger sum upon a resale, refuse to confirm such sale merely because some persons say they will pay a larger price hereafter, especially when such an opportunity has been fairly afforded and refused.

*Ulster Special Term, July, 1877.*

MOTION by purchaser to compel the receiver of an insolvent savings bank to convey premises bought at public sale.

*Wingate & Cullen*, for purchaser.

*F. C. Barlow*, for receiver.

WESTBROOK, *J.*— On the 28th day of June, 1877, certain premises in Willow street, city of Brooklyn, were, by order of the court, sold at public auction by the receiver of the Bond Street Savings Bank, through an auctioneer. On such sale, which was fully advertised and largely attended, Edgar McCullen became the purchaser for the sum of $16,500, he

being the highest bidder, and that, the highest sum bidden therefor. No want of notice, surprise, misunderstanding, unfairness or fraud is pretended, but a deed is refused, and the court is asked to permit and order a resale because the premises were sold at less than their value, the evidence thereof being an offer by the purchaser prior to the sale of $18,500 therefor and its appraisal by persons, some of whom were present at the sale, at a price of about $20,000. No stipulation, so as to be obligatory, from any person, is produced, promising if a resale is ordered to pay a larger sum for the property; but the court is asked to refuse a confirmation of the sale upon the sole and only ground of the inadequacy of the price.

That a court for mere inadequacy of price, unconnected with any other reason or cause, will not order a resale unless the price obtained be so grossly inadequate as of itself to furnish evidence of fraud, is a doctrine so well settled that citation of authorities to establish it is unnecessary. It is claimed, however, that because by the terms of sale the sale was to be subject to the approval of the court, therefore the general rule does not apply, and that the only question for the court to consider is the interest of the creditors of the bank.

The plain answer to this argument is, that the insertion of. this clause in the terms of sale did not make them different from what they would have been if the clause had been omitted. The sale was in fact subject to confirmation by the court, without an express declaration to that effect. But such approval or refusal to approve is not granted or withheld upon arbitrary rules made for each case, but upon certain well-known principles applicable to all sales, the wisdom of which is proven by experience. If judicial sales are to be of any value in obtaining a fair price for property, they can only be made by giving the public to understand that the exposure of premises thereat means something more than a form and a mode to obtain the views of those who see fit to

People agt. Bond Street Savings Bank.

attend of the worth thereof in the form of bids. Let it be understood that any person can obtain a resale of property by declaring that he is willing to pay more for the same than the sum bid at the public competition, and he who wishes the premises will remain absent and take his chances in the future. Such practice cannot be tolerated, and hence whilst the court can wish, as it does in this case, that the premises had brought a larger sum, yet it will not, when the sale has been well advertised and a large attendance of buyers secured, and there has been no surprise, misunderstanding or fraud, and no binding offer from any responsible party to pay a larger sum upon a resale, refuse to confirm such sale merely because some persons say they will pay a larger price hereafter, especially when such an opportunity has been fairly afforded and refused. At the most, between $3,000 and $4,000 is the extent of the alleged sacrifice, and against such opinions is the controlling fact of a well advertised and well attended public sale, fairly conducted, evincing that the sum bid was the best price to be obtained.

An order must be entered confirming the sale and directing the delivery of the deed.